### DITCH IMPROVEMENTS.

Circuit Court of Cuyahoga County.

GERARD J. MALLE v. SMITH AND BABCOCK.

Decided, January 14, 1907.

*Ditches—When Property Owner May Not Enjoin Construction of, or Obtain Damages.*

Where county commissioners have followed the course prescribed by statutes in fixing a day for hearing applications for damages for land appropriated for or affected by a ditch improvement, a property owner who has failed to make claim for damages, is deemed to have waived them and can not enjoin the depositing of soil taken from the ditch upon his land when the work is being done in the usual manner.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This was an action to enjoin the defendants from trespassing upon plaintiff's farm, destroying his crops and depositing shale upon the soil of his farm, in the defendant's operations in widening and deepening a county ditch running through the plaintiff's land.

A temporary restraining order having been allowed upon the filing of the petition in the common pleas court, the defendants moved a dissolution of said order, and the same being granted upon affidavits showing that they were doing the work in the manner usual and customary in such operations, the case was brought here on error for a review of said order.

The petition alleges that the defendants were doing the work complained of under a contract with the county commissioners, and as no attack is made upon the regularity of the proceedings of the commissioners, we must assume that they complied with the statutes in such case made and provided, and look to said statutes for a determination of the plaintiff's rights in the premises.

Section 4447 authorizes the county commissioners to locate and construct, straighten, widen, alter, deepen, box or tile any ditch, drain or water-course within the county, when the same is· necessary to drain lands or conducive to the public health, convenience or welfare.

By Section 4452, if the commissioners decide upon a ditch improvement, they are required to "fix a day for the hearing of applications for any appropriation of land taken for said improvement, and damages the parties affected by said improvement, or any of them, may sustain thereby."

Section 4460 provides that at any time on or before the day set for hearing, as provided in Section 4452, any person or corporation whose lands are taken, *or affected* in any way by such improvement, may make application to said commissioners, in writing, for compensation or damages, and a failure to make such application shall be deemed and held to be a waiver of all rights thereto.

The first paragraph of Section 4461 provides that, "the commissioners shall, upon actual view of the premises, fix and allow such compensation for lands appropriated as they may deem just. and equitable, and assess such damages as will in their judgment accrue from the construction of the improvement, te each person or corporation making the application therefor, as provided in Section 4460," and the last paragraph of said sec- tion provides, "that if any person or corporation aggrieved by any final order or judgment of the commissioners shall at the hearing before them, or within such time as may be provided by law, file a written notice of an intention to appeal therefrom no further proceedings shall be had, and no payments shall be made until said proceedings on appeal shall be finally disposes of and determined."

Subsequent sections of the statutes regulate the appeal to the courts, which is thus provided.

From the petition and the affidavits filed, it appears that the threatened injury to his land which plaintiffs sought to enjoin, was that contemplated by these statutes, as accruing from the construction of the improvement, and we must assume that

plaintiff was either compensated therefor, or waived all claim therefor, as provided in said statutes.

The claim made by counsel for plaintiff, that to so hold would be to permit a taking of his property for public purposes, without first compensating him in money, contrary to the Constitution, is not maintainable.

The provision for appeal to the courts above mentioned which includes trial by jury on his claim for damages, brings the statutory proceedings within the Constitution, as was held in the case of *Zimmerman* v. *Canfield*, 42 Ohio State, 463.

If the plaintiff neglected to avail himself of his statutory remedy, his counsel can not now seek relief for him in equity.

The restraining order was properly dissolved, and the judgment is affirmed.